COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Elder and Fitzpatrick


CARMEL GREEN HOUSES, INC.
and
FLORISTS MUTUAL INSURANCE COMPANY

                                   MEMORANDUM OPINION*
v.    Record No. 1260-97-4              PER CURIAM
                                     OCTOBER 14, 1997
MOHAMMAD HAMMOUDEH

            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Alan D. Sundburg; Friedlander, Misler,
            Friedlander, Sloan & Herz, on brief), for
            appellants.

            (Lawrence J. Pascal; Ashcraft & Gerel, on
            brief), for appellee.


     Carmel Green Houses, Inc. and its insurer (hereinafter

referred to as employer) contend that the Workers' Compensation

Commission (commission) erred in finding that Mohammad Hammoudeh

(claimant) proved that he earned a post-injury average weekly

wage of $250.  Upon reviewing the record and the briefs of the

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.  Rule

5A:27.

     Beginning in 1994, claimant became self-employed buying and

selling automobiles.  Claimant testified that he earned

approximately $200 to $250 per week.  Claimant produced a profit

and loss statement for the six-month period ending June 30, 1996.

 Claimant's accountant generated the statement based upon

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

claimant's business records. Employer did not introduce evidence to dispute claimant's testimony nor did employer request any discovery with respect to claimant's average weekly wage.

Based upon this record, the commission awarded claimant benefits based upon a $250 average weekly wage.

"It was the duty of the Commission to make the best possible estimate of . . . impairments of earnings from the evidence adduced at the hearing, and to determine the average weekly wage . . . ." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986). "This is a question of fact to be determined by the Commission which, if based on credible evidence, will not be disturbed on appeal." Id. "Thus, if credible evidence supports the commission's findings regarding the claimant's average weekly wage, we must uphold those findings." Chesapeake Bay Seafood House v. Clements, 14 Va. App. 143, 146, 415 S.E.2d 864, 866 (1992).

Claimant's unrebutted testimony, which was corroborated by the profit and loss statement, constitutes credible evidence to support the commission's findings. Therefore, we must uphold those findings on appeal. Employer's contention that claimant failed to meet his burden of proof because he did not produce additional business records is without merit. Employer had every opportunity to offer evidence to rebut claimant's testimony, but failed to do so.

For these reasons, we affirm the commission's decision.

Affirmed.